```
UNITED STATES DISTRICT COURT           FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KAREEM SCOTT,                          :
                                       :
                   Petitioner,         :        MEMORANDUM
                                       :        AND ORDER
                                       :
      -against-                        :        07 CV 2622 (JG)
                                       :
CAMERON LINDSAY, Warden,               :
                                       :
                   Respondent.         :
-----------------------------------------------------------X
```

A P P E A R A N C E S :

    KAREEM SCOTT
        No. 52098-066
        M.D.C. Brooklyn
        P.O. Box 329002
        Brooklyn, NY 11232
        Petitioner, *pro se*

    ROSLYNN R. MAUSKOPF
        United States Attorney
        Eastern District of New York
        147 Pierrepont Street
        Brooklyn, NY 11201
    By:    Elizabeth A. Geddes
        Attorney for Respondent

JOHN GLEESON, United States District Judge:

        Kareem Scott, an inmate incarcerated at the Metropolitan Detention Center, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to credit his sentence for the time he served in a Residential Re-Entry Center ("RRC").[1] Scott argues that 18 U.S.C. § 3585(b) requires the BOP to credit this time

---

[1] *I.e.*, a halfway house. *See Sorbello v. Laird*, 2007 WL 675798, *1 n.1 (E.D.N.Y. 2007); *see also* 28 C.F.R. § 570.20.

1

toward his sentence. In opposing the petition, the government contended (1) that Scott has failed to exhaust his administrative remedies as required when seeking the writ of habeas corpus; and (2) that time spent in an RCC pursuant to a court order is not "official detention" within the meaning of § 3585(b), rendering that statute inapplicable. At the oral argument of the petition on September 7, 2007, in which Scott appeared by telephone, the government essentially withdrew its exhaustion argument. The petition is denied for the reasons stated below.

## BACKGROUND

Scott was arrested on March 15, 2006, on a charge that he had violated the conditions of his supervised release. Pending a hearing on that charge, he was ordered as a condition of his release to reside in an RRC. Scott left the RRC without permission on July 8, 2006. A warrant issued and he was rearrested on July 19, 2006. He was subsequently found guilty of the alleged violation and sentenced to 27 months in prison. The time he spent in the RRC is not being credited toward that sentence.[2] Scott did not exhaust his administrative remedies prior to filing this petition.

## DISCUSSION

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is available for a federal prisoner to challenge "calculations by the Bureau of Prisons of the credit to be given for other periods of confinement." *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003).

Generally, federal prisoners may not file petitions for a writ of habeas corpus under § 2241 without first exhausting all available administrative remedies. *Carmona v. U.S.*

---

[2] The oral argument made it clear that there is a factual dispute as to the number of days Scott spent in the RRC. He claims to have been sent there on March 15; the government claims he did not report there until March 30. In light of my determination that the petition must be denied, I need not resolve that dispute.

2

*Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). However, the requirement of exhaustion regarding § 2241 petitions is "prudential, not statutory," *Pimentel v.Gonzales*, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005); *see also Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003) ("'District courts are authorized by 28 U.S.C. § 2241 to consider petitions for habeas corpus. That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.'" (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001))), and therefore will be waived when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question," *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)) (internal quotation marks omitted) (holding exceptions to exhaustion requirement applicable when requirement "is judicially imposed instead of statutorily imposed").

I find that the circumstances of this case counsel in favor of waiving the exhaustion requirement. While Scott articulates no substantial constitutional question, he might suffer irreparable injury or be deprived of adequate relief through administrative remedies if his pursuit of such remedies would last longer than the term of imprisonment that he would receive if he prevails administratively. In any event, the government agreed at oral argument that Scott's pursuit of an administrative remedy would be futile, as the BOP's action in his case is pursuant to an agency-wide policy which is unlikely to be reconsidered based solely on his filing of an administrative complaint. *See* Federal Bureau of Prisons, U.S. Department of Justice, Program

Statement 5880.28, Sentence Computation Manual (CCA of 1984) 1-14G to 1-14H (1999). Therefore, Scott is excused from the requirement of exhausting his administrative remedies.

On the merits, Scott's position is incorrect. 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" in cases where, as here, the detention resulted from the offense for which the sentence was imposed and has not been credited against another sentence. 18 U.S.C. § 3585(b). The dispositive question, therefore, is whether time Scott spent in an RRC while his violation proceeding was pending constitutes "official detention" within the meaning of § 3585(b).

In *Reno v. Koray*, the Supreme Court held that time spent by a defendant in an RRC before sentencing under 18 U.S.C. § 3142(c) is not "official detention" within the meaning of 18 U.S.C. § 3585(b). 515 U.S. 50, 52-54 (1995). In that case, the magistrate judge had issued an order pursuant to 18 U.S.C. § 3142(c) releasing defendant Ziya Koray on certain conditions, one of which was to reside in an RRC before sentencing. *Koray*, 515 U.S. at 52-53. The Court reasoned that § 3142(c)'s characterization of confinement in an RRC as a form of conditional release rather than detention shed light on the meaning of the term "official detention" under § 3585(b), especially since the two provisions covered related subject matter and were enacted in the same statute. *Koray*, 515 U.S. at 56-57. Thus, release under § 3142(c), even if conditioned on residence in an RRC, was held not to constitute official detention under § 3585(b).

The only distinction between Scott and the Koray is that Scott was ordered to reside in an RRC while awaiting not a sentencing but rather a hearing on the alleged violation of supervised release. However, this is a distinction without a difference, as the orders in both cases

4

were made under the same statutory authority. 18 U.S.C. § 3143(a) governs the court's decision whether to release or detain a defendant awaiting sentence, and authorizes the court to release a defendant upon conditions, including assignment to an RRC, under 18 U.S.C. § 3142(c). *See* 18 U.S.C. § 3143(a) ("If the judicial officer makes [a finding that an offender awaiting sentencing is not likely to flee or pose a danger], such judicial officer shall order the release of the person in accordance with [18 U.S.C. §] 3142(b) or (c)."). Though proceedings to revoke supervised release are governed by Federal Rule of Criminal Procedure 32.1, under that rule determinations as to whether to release or detain a defendant awaiting a revocation hearing are to be made "under 18 U.S.C. § 3143(a)." Fed. R. Crim. P. 32.1(a)(6) (providing that at the initial appearance governing prior to the revocation hearing, "the magistrate judge may release or detain the person [*i.e.*, the person awaiting the revocation hearing,] under 18 U.S.C. § 3143(a) pending further proceedings."). Therefore, the decisions whether to detain or to release Scott and Koray were both made under the authority of 18 U.S.C. § 3143(a), and thus the orders to assign both Scott and Koray to RRCs were both made pursuant to 18 U.S.C. § 3142(c). That being so, it is difficult to see how the assignment of Scott to an RRC could constitute "official detention" if the assignment of Koray to an RRC does not.

In his petition and his oral argument, Scott cited five cases in support of his position, but all are unavailing. *Brown v. Rison*, 895 F.2d 533, 536 (9th Cir. 1990), *United States v. Mori*, 798 F. Supp. 629, 634 (D. Hawaii 1992), and *United States v. Davis*, 763 F. Supp. 638, 644 (D.D.C. 1991), do in fact all hold that time spent in RRCs prior to sentence is time in "official detention" under 18 U.S.C. § 3585(b), but all predate *Koray* and are thus all abrogated by its holding.

5

The other two cases Scott relies upon are *Goldings v. Winn*, 383 F.3d 17 (1st Cir. 2004) and *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004). Both of these cases address a different issue altogether. They discuss whether and when the BOP may designate an RRC as an inmate's "place of imprisonment" under 18 U.S.C. § 3621(b) (2006), which requires consideration of whether RRCs are "penal or correctional facilities." *See Goldings*, 383 F.3d at 28 ("[An RRC] is a correctional facility and therefore may serve as a prisoner's place of imprisonment."); *Elwood*, 386 F.3d at 847 ("We hold, on the facts of this case, in which both parties agree [RRCs] are places of imprisonment for the purposes of 18 U.S.C. § 3621(b), that § 3621 gives the BOP the discretion to transfer prisoners to [RRCs] at any time during their incarceration.").

Scott argues that it is inconsistent to maintain both that RRCs are penal or correctional facilities and that time spent in them pursuant to a court order does not constitute official detention. Pet. 4. Though not directly expressed in the cases Scott cites, there is indeed some potential tension between the fact that the BOP routinely incarcerates prisoners in RRCs and the claim that assignment to them by a court is not "official detention." But this tension was considered in *Koray*, where the Court acknowledged that under its holding "a defendant 'released' to a community treatment center could be subject to restraints which do not materially differ from those imposed on a 'detained' defendant committed to the custody of the Attorney General, and thence assigned to a treatment center." 515 U.S. at 62-63. The Supreme Court was unfazed by any incongruity, noting that "detained" defendants in the custody of the Attorney General, even if assigned to RRCs, are subject to far greater control by the BOP than defendants "released" by courts to RRCs, as the latter may not be transferred to other BOP facilities without judicial revocation of their "release." *Id.* at 62-63.

6

As the Supreme Court has squarely held that assignment to an RRC pursuant to 18 U.S.C. § 3142(c) does not constitute "official detention" under the meaning of 18 U.S.C. § 3585(b), Scott is not entitled to the writ of habeas corpus.

CONCLUSION

For the reasons set forth above, the petition is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
September 10, 2007